FORET, Judge.
Plaintiffs, Michael and Yvonne Douet, appeal from the trial court’s grant of summary judgment in favor of New Hampshire Insurance Group.
The sole issue on appeal is whether, based upon the pleadings and the deposition filed, a genuine issue of fact was presented and whether New Hampshire Insurance Group is entitled to judgment as a matter of law. More specifically, the issue presented is whether a genuine issue of fact remains as to whether Michael Douet was an employee of Harold Kennison, acting within the course and scope of his employment at the time of his injury, thereby limiting his recovery to that afforded under the Louisiana Worker’s Compensation statute.
FACTS
Michael and Yvonne Douet filed suit against New Hampshire Insurance Group (New Hampshire) alleging that Michael Douet was injured when he fell from a trailer attached to a tractor driven and owned by Harold Kennison. Plaintiffs allege that defendant “issued a policy of insurance, ... insuring Harold Kennison of [sic] accidents on his property-” Mr. Kennison was not named as a defendant in this action. Included in the petition is a *1311 claim for damages for loss of consortium on behalf of Michael’s wife, Yvonne Douet.
Plaintiffs’ petition continues by alleging that the accident was “caused solely and only by the defective products of Harold Kennison and his acts are contractually herein imputed to defendant,” New Hampshire.
Basically, the petition sounds in tort, alleging that Harold Kennison possessed defective equipment and that Kennison’s conduct was negligent.
New Hampshire, as Kennison’s homeowner’s insurer, answered plaintiffs’ petition, raising the defense that at the time of the accident Michael was employed by Harold Kennison, was working within the course and scope of his employment and, therefore, Michael’s sole remedy is under the Louisiana Worker’s Compensation Act.
Alternatively, New Hampshire alleges that the accident was caused by Michael’s comparative negligence.
New Hampshire moved for summary judgment in its favor, reiterating the defense that Michael’s sole remedy is that of the Louisiana Worker’s Compensation Act. Additionally, New Hampshire alleges that, in the event it is found to provide liability insurance to Harold Kennison, there was no fault on behalf of Kennison or his employees and, as such, New Hampshire cannot be held liable.
No affidavits were filed into the record by either party in support of or in opposition to the motion for summary judgment. The deposition of Michael Douet was submitted in support of New Hampshire’s motion for summary judgment. The deposition supports New Hampshire’s position that Michael Douet’s relationship to Kenni-son was that of employee-employer. Michael was hired by Kennison and paid for his work.
Finally, Michael clearly states in his deposition that his injury occurred when the trailer on which he was standing became unhooked. There are no allegations that he was intentionally injured by Kennison or any co-employees. In summary, there exists no genuine issue of material fact which would place this case outside of the exclusivity provisions set forth in La.R.S. 23:1032.
SUMMARY JUDGMENT
La.C.C.P. art. 966, in pertinent part, provides that a trial judge may grant a motion for summary judgment if there are no genuine issues of material fact in dispute and movers are entitled to judgment as a matter of law. We find that the trial court was correct insofar as New Hampshire has carried its burden of proving that there remains no genuine issue of material fact and that Michael’s sole remedy is pursuant to the Louisiana Worker’s Compensation Act.
DECREE
For the reasons assigned hereinabove, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Michael and Yvonne Douet.
AFFIRMED.